Filed 6/25/26  P. v. Mireles CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OMAR MIRELES,<br><br>    Defendant and Appellant. | B342339<br><br>Los Angeles County<br>Super. Ct. No. BA289903 |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Reversed and remanded with instructions.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Lauren Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Omar Mireles appeals the trial court's denial of his section 1172.6 petition at the prima facie stage.  Because the record of conviction did not establish Mireles was ineligible for relief as a matter of law, we reverse and remand for the trial court to set an evidentiary hearing under section 1172.6, subdivision (d). Statutory citations are to the Penal Code.

At Mireles's trial, the court instructed the jury on aiding and abetting, implied malice murder, and first degree murder. The first degree murder instruction stated the murder was in the first degree if the defendant acted willfully and with premeditation and deliberation, or if the defendant laid in wait.

The jury convicted Mireles of first degree murder.

In 2019, the legislature enacted Senate Bill 1437, which amended the state's murder laws to ensure culpability was commensurate with liability.  (Sen. Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).)  The legislature later expanded its amendments with Senate Bill 775.  (Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775).)  Senate Bill 775 allowed defendants to seek resentencing if their convictions rested on any "theory under which malice is imputed to a person based solely on that person's participation in a crime," and they "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)  To seek such relief, a defendant must file a petition under what is now section 1172.6.  (*Ibid.*, subds. (a) and (b).)  If petitioners make a prima facie showing that they are eligible for relief, the trial court must set an evidentiary hearing. (*Ibid.*, subd. (d).)  If the record of conviction shows that the petitioner is ineligible for relief as a matter of law, the court may

2

deny the petition at the prima facie stage.  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

Mireles filed a petition for relief under section 1172.6.  He claimed the jury instructions the court gave at his trial allowed him to be convicted based on malice imputed from his participation in the crime.  The trial court denied the petition because it found, based on its examination of the jury instructions, "as a matter of law that there is no theory presented to the jury where malice could be imputed."  Mireles appealed.

Because the trial court was incorrect there was no theory presented to the jury under which malice could have been imputed, we reverse.  Our colleagues in Division Five of the First District explained precisely how in *People v. Maldonado* (2023) 87 Cal.App.5th 1257 (*Maldonado*).

In *Maldonado*, the court traced how a defendant could be convicted of first degree murder without a requirement that the jury find the defendant harbored malice.  (*Maldonado*, *supra*, 87 Cal.App.5th at pp. 1264–1268.)  The *Maldonado* court noted that CALCRIM No. 401 only requires an intent to aid and abet a "crime."  (*Id*. at p. 1265.)  In the murder context, this instruction can muddy the waters because the "crime" is not necessarily the act that caused the death or may not be an act that would require a conscious disregard of human life.  (*Ibid*.)  The facts of *People v. Langi* (2022) 73 Cal.App.5th 972 illustrate this issue.  Under one interpretation of the facts, the jury might have believed Langi's codefendant punched the victim, leading to the victim's death.  (*Id*. at p. 980.)  The aiding and abetting instruction asked if Langi acted with knowledge of the unlawful purpose of the perpetrator and the intent to encourage the commission of the crime.  (*Id*. at p. 981.)  However, the second degree murder instruction clarified

that the perpetrator need not act with the unlawful intent of causing death. (*Id*. at p. 982.) Since the perpetrator need not have had the purpose to kill, the aider and abettor's knowledge of the purpose need to not have been of an intent to kill. (*Id*. at pp. 982–983.) Thus, the jury could find Langi guilty of aiding and abetting if he intended to encourage his codefendant's intentional act of punching, whether or not he personally knew of and disregarded the risk of a killing. (*Id*. at 984.) This did not require Langi as the aider and abettor of second degree murder to have acted with implied malice, i.e. personally to have acted with knowledge of the danger to and with conscious disregard for human life. (*Id*. at p. 983–984.)

Lying in wait murder presents a similar risk for aiders and abettors. This is because the purpose of lying in wait does not need to be murder. If a person lies in wait to launch an attack meant to injure or intimidate, but the attack results in a killing which satisfies the elements of murder "it is immaterial whether the perpetrator intended to kill." (*People v. Laws* (1993) 12 Cal.App.4th 786, 795.) Thus, as with second degree murder, an aider or abettor may intend to aid only the "crime," a punch or a surprise attack, and may not intend to aid an act dangerous to human life of which they have consciously disregarded the risk.

This was the scenario presented in *Maldonado*. The court instructed the jury a person aids and abets a crime if he knows the perpetrator's unlawful purpose and specifically intends to and does in fact aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime. (*Maldonado, supra*, 87 Cal.App.5th at p. 1264.) The murder by lying in wait instruction did not instruct the jury that the perpetrator needed to intend to cause death. (*Id*. at pp. 1264, 1266.) The perpetrator could have

4

intended to merely injure or intimidate the victim in a surprise attack. (*Ibid*.) But, under the aiding and abetting instruction, a jury could have construed the instruction to mean an aider and abettor need only intend to encourage the intentional act, a surprise attack, whether or not the aider and abettor intended to aid the killing and whether or not the aider and abettor knew of and consciously disregarded the risk of such a killing. (*Ibid*.) While this is not the only manner in which the jury could interpret the instructions, it was a possible interpretation. (*Id*. at pp. 1266–1267.) The *Maldonado* court concluded this was a theory under which malice could have been imputed to Maldonado based solely on his participation in the crime. (*Id*. at p. 1267, 1269.)

The jury instructions given at Mireles's trial are the same as those given in *Maldonado*: CALCRIM 401, 520, and 521. Therefore, for the same reasons, it is possible the jury convicted Mireles without finding he personally harbored malice.

In *People v. Lopez* (2026) 19 Cal.5th 639, 649, the Supreme Court held that whether instructional error could have been raised on direct appeal is immaterial to the section 1172.6 analysis. Given this guidance, the fact that the record of conviction does not foreclose the possibility that Mireles was convicted under a theory that imputed malice to him through his participation in a crime requires the trial court to provide an evidentiary hearing under Section 1172.6, subdivision (d).

///
///
///

5

## DISPOSITION

We reverse and remand for the trial court to set an evidentiary hearing pursuant to section 1172.6, subdivision (d).


                                           WILEY, J.


We concur:


        STRATTON, P. J.


        SCHERB, J.